Complaint

# IN THE SUPERIOR COURT OF GUAM

PETER F. PEREZ,

          Plaintiff,

    v.

WAYSON W.S. WONG, ROSARIO S. BAUTISTA and MANUEL C. SHOLING and DEFENDANTS DOES 1 THROUGH 10,

          Defendants.

Civil Case no. CV309-10

**DECISION AND ORDER**
re: Motion to Dismiss and to Strike

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 9, 2011. The Plaintiff was represented by Attorney Peter C. Perez. The Defendants were represented by Defendant/Attorney Wayson W.S. Wong. After considering the matters presented, the court now issues the following decision and order granting the Plaintiff's motion to dismiss.

## BACKGROUND

This case arises out of a complaint filed on March 9, 2010. Defendants filed their answer on April 30, 2010. Defendant Wong also filed a counterclaim on May 14, 2010. The complaint alleges that Defendants issuance of process in CV0471-07 and CV1012-08 was done with an improper purpose; that Defendants had no legal basis or probable cause to institute, instigate and/or issue the processes of a judicial nature against Plaintiff in either CV0471-07 or CV1012-08; and that such actions were the product of a civil conspiracy between the Defendants. Therefore, the complaint contains the following causes of action: abuse of process, malicious prosecution, and civil conspiracy.

In his counterclaim, Defendant Wong appears to assert two causes of action: abuse of

process, on the theory that Plaintiff by filing the complaint in this case engaged in abuse of process and wrongful conspiracy. Subsequently, Plaintiff has filed two motions: (1) a motion to strike counterclaims and (2) a motion to dismiss the counterclaims for failure to state a claim for relief.

## DISCUSSION

Plaintiff argues that Defendant Wong's counterclaims should be dismissed because they fail to state a claim upon which relief may be granted; they allege redundant, immaterial, impertinent, or scandalous matter; and the counterclaims are untimely and filed in violation of the Guam Rules of Civil Procedure (GRCP). The court will first address whether the counterclaims state a claim upon which relief may be granted.

Rule 12(b)(6) provides that "every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...(6) failure to state a claim upon which relief can be granted." Guam R.Civ. P. 12(b)(6).

Here, under Rule 12(b)(6), the facts in the counterclaim are presumed to be true, and the counterclaim is liberally construed in favor of the Defendant. *First Hawaiian Bank v. Manley*, 2007 Guam 2, ¶9. Generally, a motion to dismiss under Rule 12(b)(6) should be disfavored and doubts should be resolved in favor of the pleader, unless no set of facts could support the claims as plead. *Id.* A Rule 12 (b)(6) motion tests only whether the claim has been adequately stated in the complaint, and the purpose of a 12(b)(6) motion is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). Thus,

on a motion under Rule 12(b)(6), the court's inquiry is limited to the content of the counterclaim and the court should not dismiss the counterclaim merely because the court doubts the Defendant will prevail in the action, or that the possibility of ultimate recovery is remote. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). Should the counterclaim fail to state a claim under Rule 12(b)(6), as with a Rule 12(b)(1) motion, dismissal without leave to amend is improper unless it is clear that the counterclaim could not be saved by any amendment. *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999).

**Abuse of Process**

In order to state a cause of action for abuse of process, a party must adequately plead two fundamental elements: [F]irst, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 728 P.2d 1202, 1209 (Cal. 1986). Furthermore, while a defendant's act of improperly instituting or maintaining an action may, in an appropriate case, give rise to a cause of action for malicious prosecution; the mere filing or maintenance of a lawsuit-even for an improper purpose-is not a proper basis for an abuse of process action. (See, e.g., *Friedman v. Stadum*, 171 Cal.App.3d 775, 779-780 (1985); *Drasin v. Jacoby & Meyers, supra*, 150 Cal.App.3d 481, 485; *Seidner v. 1551 Greenfield Owners Assn.*, 108 Cal.App.3d 895, 904-905 (1980); *Christensen v. Younger*, 47 Cal.App.3d 613, 617 (1975)).[1] The process must be

---

[1] The overwhelming majority of out-of-state precedents have reached the same conclusion. (See, e.g., *Bird v. Rothman*, 128 Ariz. 599, 627 P.2d 1097, 1100 (1981); *Brody v. Ruby*, 267 N.W.2d 902, 905 (Iowa 1978); *Bickel v. Mackie*, 447 F.Supp. 1376, 1382-1383 (N.D.Iowa 1978); *Baker Driveaway Co., Inc. v. Bankhead Enterprises*, 478 F.Supp. 857, 860 (E.D.Mich. 1979); *Farmers Gin Company v. Ward*, 73 N.M. 405, 389 P.2d 9, 11-12 (1964); *Drago v. Buonagurio*, 89 Misc.2d 171, 391 N.Y.S.2d 61, 62, *affd.* (1978) 46 N.Y.2d 778, 413 N.Y.S.2d 910, 386 N.E.2d 821 (Sup.Ct.1977); *Petrou v. Hale*, 43 N.C.App. 655, 260 S.E.2d 130, 133-134 (1979); *Martin v. Trevino* , 578 S.W.2d 763, 769 (Tex.Civ.App.1978); contra, *Bull v. McCuskey*, 96 Nev. 706, 615 P.2d 957, 960 (1980)).

misused, i.e., it must be used for a purpose other than that for which the process is designed. *Id.*

In this case, Defendant Wong's counterclaim fails to sufficiently state an abuse of process claim. He contends this requirement was met by his incorporation of his allegations of malice and intent to harm, made with regard to CV0471-07 and CV1012-08. These allegations may bear on the "ulterior purpose" element but do not satisfy the wilful misuse element of an action for abuse of process. Furthermore, where the only improper act is the mere filing of the lawsuit, the tort is not abuse of process but malicious prosecution. *Seidner v. 1551 Greenfield Owners Assn.*, 108 Cal.App.3d 895, 904 (1980). The court finds that the only improper act alleged by Defendant Wong is the mere filing of the Plaintiff's complaint in this case. Therefore, the court hereby dismisses Defendant Wong's abuse of process claim.

**Conspiracy**

Defendant Wong's second count of his counterclaim states, "Plaintiff wrongfully conspired with the Lujan firm and/or one or more of its attorneys to engage in such abuse of process." Liability for civil conspiracy generally requires three elements: (1) formation of the conspiracy (an agreement to commit wrongful acts); (2) operation of the conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of the conspiracy. *People v. Beaumont Inv., Ltd.*, 3 Cal.Rptr.3d 429, 456 (Cal.App. 6 Dist. 2003). However, liability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy. *Jones v. BP Oil Co., Inc.*, 632 So.2d 435, 439 (Ala. 1993).

As the court has explained in the previous section there is no abuse of process claim against Plaintiff. Therefore, the alleged underlying wrong provides Defendant Wong no cause of action and cannot support a claim of conspiracy. Thus, the court hereby dismisses Defendant

Wong's conspiracy claim.

## CONCLUSION

Defendant Wong has failed to allege sufficient facts whatsoever to support either of his claims for abuse of process or conspiracy. Furthermore, the counterclaim could not be saved by any amendment because the mere filing or maintenance of a lawsuit-even for an improper purpose- is not a proper basis for an abuse of process action. The facts and nature of the counterclaims are clear and under the substantive law, no liability exists. Therefore, the court hereby GRANTS the Plaintiff's motion to dismiss Defendant Wong's counterclaim.

SO ORDERED this 17th day of February 2012.

Original Signed By
HON. MICHAEL J. BORDALLO

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

FEB 17 2012

James R. Borja
Deputy Clerk, Superior Court of Guam